THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS, *v.* THEODORE S. KENT, RESPONDENT.

*Action to compel an officer of the city of New York to account for the fees received by him—fact that no salary has been attached to the office is no defense—section 96 of chapter 335 of 1873.*

Under section 96 of chapter 335 of 1873,—providing that no officer of the city of New York should have or receive to his own use any fees, perquisites or commissions, or any percentages, but that every such officer should be paid a fixed salary, and that all the fees, percentages and commissions received by him should be the property of the city,—it is no defense to an action brought to compel one of the city officers to account for the fees received by him, that no salary has ever been fixed or attached to his office.

APPEAL from a judgment entered upon an order sustaining a demurrer to the complaint.

*T. B. Clarkson,* for the appellant.

*John Todhunter,* for the respondent.

BRADY, J.:

This action was brought to secure from the defendant an accounting for the fees received by him as inspector of weights and measures, and for payment of the same.

The complaint contained the necessary averments to entitle the plaintiff to the relief demanded upon a proper interpretation of section 96 of chapter 335 of the Laws of 1873, which declares that no officer of the city government, except the city marshal, should have or receive to his own use any fees, perquisites or commissions or any percentages, but every such officer should be paid a fixed salary, and all the fees, percentages and commissions received by him should be the property of the city. A demurrer was interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and the learned justice, at Special Term, sustained the demurrer, and in a very brief opinion expressed his views. His conclusion was that, as a fixed salary had

not been attached to the office, as contemplated by the chapter mentioned, its provisions had no application.

This view is regarded as erroneous. It is not deemed necessary to consider the previously existing laws in reference to the office of inspector of weights and measures, nor the statutes in reference to their fees, the right of the plaintiff resting wholly upon the effect of the statute already mentioned. By its provisions, the defendant, as an officer, was prohibited from receiving to his own use any fees, perquisites, commissions or percentages which were declared to be the property of the city. It is not necessary to the success of the plaintiff that the salary should be fixed, because that is an entirely different and independent feature of the statute, to enforce which the defendant himself, as one of the officers included within its terms, had his remedy. He could have compelled the proper authorities, as provided by the language of the statute, to fix his salary (see Act, § 97, *supra*), and it would necessarily relate back to the time when the act mentioned took effect, or to the time when the first fees were received after it took effect, and when, necessarily, his duties as an officer were exercised. To adopt any other construction of the statute would be to allow the officer to receive to his own use the fees and percentages, in direct opposition to the statute. Whether he could retain them in his possession by virtue of any lien upon them, is a question that might arise if the city of New York were bankrupt, which is not supposed to be the fact.

In the case of *McCormick* v. *Kissam* (MS., Gen. Term Com. Pleas), to which the learned justice at Special Term referred, and which he regarded as conclusive of the rights of the plaintiff herein, no allusion seems to have been made to the statute of 1873, *supra*, and its effect was not therefore considered.

The defendant was the custodian of the moneys received by him after the act of 1873 took effect, and, as such, was bound to account for them. Whether he would have any right to affirmative relief in this case, by answer, is a question we are not called upon now to consider. It is sufficient for the judgment of this court that the plaintiffs are *rectus in curia*, as they seem to be for the reason assigned.

The judgment should be reversed, and the defendant permitted to answer over, on payment of costs.

Davis, P. J., and Barrett, J., concurred.

Judgment reversed.